Thomas F. **SCHNEIDER**, Plaintiff,

v.

**EQUIBANK**, Defendant.

Civ. A. No. 88–2727.

United States District Court,
W.D. Pennsylvania.

Sept. 4, 1990.

Harry W. Kennedy, Pittsburgh, Pa., for plaintiff.

Gordon W. Schmidt, Rose, Schmidt, Hasley & DiSalle, G. Robert Moore, Equibank, Pittsburgh, Pa., for defendant.

## MEMORANDUM ORDER

LEE, District Judge.

The plaintiff filed the above action in December of 1988 alleging that defendant, Equibank, breached a contract to employ him in the position of Senior Vice President of Equibank and Liberty Bank for a minimum term of one year.

Plaintiff contends that he was approached by the defendant corporation in February of 1988 through members of defendant's management team. At the time, plaintiff was employed and was residing in the State of Florida. Following meetings and interviews in both Florida and Pittsburgh, PA, the plaintiff was offered the position of Senior Vice President.

It is the plaintiff's contention that the terms of his employment were determined during several conversations between the plaintiff and members of the defendant's management team. Defendant counters and states that the plaintiff's employment was based upon a written contract which was encompassed in the defendant's form letter sent to plaintiff on March 8, 1988. Plaintiff claims that all of the essential terms of the contract were not set forth in the aforementioned letter of March 8, 1988, and in fact, plaintiff contends that such letter was merely a letter of confirmation of employment, and was not a written contract encompassing all the terms of his employment agreement.

Plaintiff was relocated from Florida to Pittsburgh and began work on March 25, 1988. Plaintiff claims that he not only performed the duties for which he was employed but also worked on various other projects which interfered with his ability to devote the majority of his time to his primary duties. On June 8, 1988, the defendant terminated the plaintiff's employment citing as reasons the plaintiff's inability to effectively communicate, his inability to perform a cogent, clear and concise business plan, and his inability to complete projects in a timely fashion.

Believing that he was wrongfully discharged, the plaintiff filed the instant action in December 1988 against the defendant. On July 13, 1990, defendant filed a Motion for Summary Judgment citing that there is no genuine issue of any material fact and defendant is therefore entitled to a judgment as a matter of law because: (a) the alleged oral contract contains terms which are too vague to constitute a valid contract; (b) the defendant made no promise to plaintiff with respect to the duration of the employment; and (c) at the time defendant terminated plaintiff's employment, the parties reached an accord and satisfaction.

The standard applied in determining whether a Motion for Summary Judgment should be granted is whether on the basis of the materials presented to the Court, there is any genuine issue as to any materi-

**108**

al fact. When the only issues remaining for decision are issues of law, summary judgment may be granted.

Defendant claims the entire contract between the plaintiff and the defendant was contained in a letter dated March 8, 1988. Nowhere in the letter is there any agreement to employ plaintiff for a particular period of time. Plaintiff bases his claim on a statement made by Mr. Allan Fellheimer, Chairman of the Board of Equimark, the defendant's holding company, made during the interview process prior to the offer of employment. During an interview between plaintiff and Claire Gargalli, Chairperson of Equibank, Fellheimer came into the room and entered the discussion. At that point in the interview, discussion centered around base salary and bonus. The plaintiff had just stated that he was not interested in any bonuses during his first year. Plaintiff stated, "Give me a year to bring the operation up, and then we'll talk about bonuses." Mr. Fellheimer then stated, "I can understand that, if you are not doing the job in a year, you are not going to be here anyway."

Defendant argues that this prior oral statement does not alter the subsequent written contract nor does it rise to a guarantee. Whether the warning by Mr. Fellheimer that if plaintiff was not performing adequately in a year he would not be there anyway is an expression of agreement to employ plaintiff for a definite term is a question of defendant's intent. Plaintiff had expressly requested that he be given one year, whether Mr. Fellheimer's ominous warning was an assent to that request is a question of fact.

Under Pennsylvania law, when the record contains conflicting evidence regarding intent, the question of whether parties formed a completed contract is one for the trier of fact. *Channel Home Centers, Division of Grace Retail Corp. v. Grossman*, 795 F.2d 291 (3d Cir.1986). The Court finds that there is conflicting evidence regarding the intent to adopt certain terms upon the formation of the contract.

Defendant also contends that a valid accord and satisfaction was reached with plaintiff. In order to establish an accord

and satisfaction under Pennsylvania law, there must be: (1) a disputed debt; (2) a clear and unequivocal offer of payment in full satisfaction of a debt; and (3) acceptance and retention of payment by the offeree. *Goodway Marketing, Inc., v. Faulkner Advertising Associates, Inc.*, 545 F.Supp. 263 (E.D.Pa.1982).

This Court is unable to find as a matter of law that severance pay, whether negotiated or not, is a clear and unequivocal offer of payment in full satisfaction of a debt. Nor can it be said that such acceptance of such payment was in satisfaction of the alleged breach of contract.

Because the Court finds conflicting evidence regarding the intent to adopt certain terms u. on the formation of the contract, and because the Court is unable to determine as a matter of law that an accord and satisfaction has been reached, the defendant's Motion for Summary Judgment must be denied.